UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUAN PEREZ, #249210,**

      **Petitioner,**

v.                                        Case No. 2:05-CV-74003
                                            Honorable Victoria A. Roberts
                                            Magistrate Judge Virginia M. Morgan

**THOMAS BIRKETT,**

      **Respondent**.

___

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

      This matter is before the Court on Respondent's "Motion to Dismiss for Failure to Comply with the Statute of Limitations." Petitioner, Juan Perez, is a Michigan state prisoner currently confined at Standish Correctional Facility in Standish, Michigan. Petitioner, by and through counsel, James Sterling Lawrence, has filed a "Petition for Habeas Corpus" pursuant to 28 U.S.C. §2254. Petitioner was convicted by an Oakland County Circuit Court jury of first degree murder, conspiracy to commit armed robbery, assault with intent to rob while armed, and 3 counts of felony firearm. On April 15, 1996, Petitioner was sentenced, respectively, to life imprisonment and 2 concurrent terms of 12 to 20 years. Additionally, Petitioner was sentenced to 3 consecutive 2 year terms.

      The issue giving rise to Respondent's motion for dismissal is Petitioner's admitted failure to having filed his habeas petition timely. Petitioner's argument in support of denying Respondent's motion to dismiss is three-fold: (1) the finality of Petitioner's conviction was delayed by his

ineffective assistance of appellate counsel, and therefore the statute of limitations period began to run later than stated by the Respondent; (2) the period of limitations should be equitably tolled due to the ineffective assistance of Petitioner's appellate counsel; and (3) Petitioner is actually innocent of the charges with which he has been convicted.

## II. Statement of Facts

After Petitioner's April 15, 1996 conviction, he retained Richard P. Zipser to represent him during the appeal process. Mr. Zipser filed a Notice of Appeal with the Michigan Court of Appeals on May 23, 1996 in order to facilitate Petitioner's appeal of right. However, due to Mr. Zipser's failure to file an appellate brief, Petitioner's appeal was dismissed on November 20, 1997. Petitioner asserts that he had no knowledge of his appeal being dismissed until he consulted with another attorney, James Sterling Lawrence, in September 2000, who investigated the matter and discovered that Petitioner's appeal had been dismissed. Between May 23, 1996 and September 2000, Petitioner maintains that he and his family inquired of Mr. Zipser about the appeal and tried to obtain information about the status of the matter, but Mr. Zipser would not respond to their inquiries.

Presumably, a grievance was filed against Mr. Zipser; and as a result the Attorney Discipline Board brought a complaint against the attorney. Mr. Zipser pled no contest to "allegations that he failed to properly represent a client in a criminal appeal; failed to return the unearned fee; and failed to return documents to his client or successor counsel." *(Petitioner's Answer to Respondent's Motion to Dismiss, Appendix).* As a result, Mr. Zipser's law license was suspended for 60 days and he was ordered to pay Petitioner restitution in the amount of $10,000.00. *Id.*

Although Petitioner's present attorney, Mr. Lawrence, had knowledge of the dismissal of Petitioner's appeal in September 2000, Mr. Lawrence did not file his appearance or Petitioner's motion for relief from judgment until November 19, 2001. Petitioner's basis for the delay was Mr. Zipser's failure to turn over a requested transcript and the subsequent suspension of receiving the transcript after Mr. Lawrence placed an order for it. Petitioner stated that Mr. Lawrence needed the transcript in order for him to draft Petitioner's motion for relief from judgment. However, Petitioner fails to articulate precisely what hearing or trial testimony was transcribed in the requested transcript, when the hearing or trial testimony took place and why it was necessary to review before a motion for relief from judgment could be filed.

### III. Applicable Law & Analysis

#### A. Statute of Limitations Under the AEDPA

Respondent argues that Petitioner's petition for habeas corpus is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), sets forth time limitations within which a person in custody pursuant to a judgment by a state is able to file a habeas corpus petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

*28 U.S.C. § 2244(d)(1) and (2).*

A habeas petition filed outside the time period provided in this statute must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir.2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F.Supp.2d 763, 765 (E.D.Mich.2002). The plain language of the AEDPA dictates that the one-year limitation period starts when the judgment becomes final either by the conclusion of direct review or by expiration of the time for direct review. *28 U.S.C. § 2244(d)(1)(A).*

Direct review of a conviction includes review by the United States Supreme Court. *Bell v. State of Maryland*, 378 U.S. 226, 232 (1964). A prisoner's conviction becomes final 90 days after the state's highest court renders its decision denying leave to appeal or denying relief on the merits, accounting for a period within which the defendant may apply to the United States Supreme Court for a writ of certiorari. *Stanley v. Bock*, 2004 U.S. Dist. LEXIS 26855 (E.D.Mich.2004). If the defendant appeals for a writ of certiorari, the Supreme Court's decision establishes the date on which direct review concludes pursuant to § 2244(d)(1); *28 U.S.C. § 2244(d)(1)*; *Allen v. Hardy*, 478 U.S. 255, 258 (1986); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000). If the defendant does not appeal for a writ of certiorari and fails to file a timely appeal in the state court, a prisoner's conviction becomes final within 56 days of the entry of the judgment of the state appellate court. See, *MCR 7.302(C)(3)*.

In this case, the Michigan Court of Appeals dismissed Petitioner's appeal on November 20, 1997. Petitioner then had 56 days in which to file an appeal with the Michigan Supreme Court. That 56 day period would have ended on January 15, 1998. It is at this point the 1 year statute of limitations period began to run on Petitioner's habeas claim. Therefore, Petitioner would have had until January 15, 1999 to timely file his habeas petition. Petitioner's habeas petition was not filed in this case until October 19, 2005. Therefore, it is clear that Petitioner has not filed a timely habeas petition. Acknowledging that fact, Petitioner maintains that the finality of Petitioner's conviction was delayed by his ineffective assistance of counsel, and therefore the statute of limitations period began to run later than January 15, 1998. If the Court does not find that argument persuasive, Petitioner maintains that the period of limitations should be equitably tolled due to Petitioner's ineffective assistance of his appellate counsel. Finally, Petitioner asserts that he is actually innocent of the charges with which he has been convicted.

**B. Ineffective Assistance of Counsel**

The basis of Petitioner's defense is that he was denied effective assistance of counsel at the appellate stage of this litigation due to the failure of his attorney to file an appellate brief and consequently, his failure to perfect his appeal. The limitations period began running on January 15, 1998, the date Petitioner's conviction became final. Therefore, the one-year limitations period for filing a § 2255 petition expired on January 15 , 1999. Although Petitioner argues that the January 15, 1998 date is not a final conviction date because of his appellate attorney's ineffective assistance, Petitioner fails to provide any legal authority for such an assertion. Petitioner cites *Evitts v. Lucey*, 469 U.S. 387 (1985) in support of his argument, but *Evitts* does not stand for that proposition. *Evitts* held that a criminal defendant is entitled to effective assistance of counsel on the first appeal as of

5

right. *Evitts v. Lucey*, 469 U.S. at 396-400. There was no language in the *Evitts* holding about the finality of an appeal or the delayed finality of a conviction.

Since the Court does not find Petitioner's first position persuasive, the Court must address whether the doctrine of equitable tolling is applicable.

     1. Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling. *Calderon v. United States District Court*, 112 F.3d 386, 391 (9th Cir.1997)."The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996). A "garden variety claim of excusable neglect"does not support equitable tolling. *Id.*

Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. See *Paige v. United States*, 171 F.3d 559, 561 (8th Cir.1999). Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction. See *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. See *Jurado v. Burt*, 337 F.3d 638, 642 (6th 2003); *Dunlap v. United States of America*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). In *Pace v. DiGuglielmo*, 544 U.S.408, 416-19 (2005), the Supreme Court set forth the applicable standard for determining entitlement to equitable tolling of the statute of limitations adopted by the AEDPA. The *Pace* Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S.at 416 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner contends that he is entitled to equitable tolling of the statute of limitations because he retained Mr. Zipser to perfect his appeal and Petitioner erroneously but reasonably believed the appeal was pending from May 23, 1996 until September 2000. Petitioner avers that he and his family tried to follow up on the status of his appeal by contacting Mr. Zipser, but that he would not respond to their inquiries. Petitioner maintains that because of the extraordinary circumstance of Mr. Zipser's failure to file an appellate brief and his failure to turn over his file documents to Mr. Lawrence, he missed the deadline in which to file a timely appeal with the Michigan Supreme Court and in turn failed to timely file a habeas petition in this matter. Petitioner further claims that he and his family were diligent in their efforts to seek status updates regarding his appeal, but that Mr. Zipser's failure to communicate with Petitioner constituted an extraordinary circumstance, which resulted in Petitioner being in the position of having his habeas petition time barred. Petitioner further argues that there was no unreasonable delay in the filing of his motion for relief from judgment because Mr. Lawrence was missing one of Petitioner's file transcripts, which he had to order because Mr. Zipser would not produce the transcript for Mr. Lawrence's review. Finally, Petitioner states that he is actually innocent which constitutes adequate cause for this case to remain viable.

### a. Extraordinary Circumstances

To the extent Petitioner places the blame for his untimeliness on Mr. Zipser, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant

7

equitable tolling of the statute. See *Stanley v. McKune*, 133 Fed. Appx. 479, 480 (10th Cir.2005) (attorney's failure to file an allegedly requested appeal cannot support equitable tolling). *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir.2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling")*; Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir.2000) (attorney's misreading of the AEDPA did not require equitable tolling). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen v. Randle*, 37 Fed. Appx. at 120 (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999)).

However, some courts have held that ineffective assistance of counsel may provide grounds for equitable tolling if the petitioner has been diligent in pursuing his rights. *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000); See e.g., *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239-41 (3d Cir.1999) (stating that "[t]here are, however, narrow circumstances in which the misbehavior of an attorney may merit such equitable relief" and finding that this was such a case because counsel lied to his client when he told him that he had filed a petition); *Cantrell v. Knoxville Comm. Dev. Corp.*, 60 F.3d 1177, 1180-81 (6th Cir.1995) (stating that this case was not "'garden variety' attorney negligence" because counsel abandoned his client due to counsel's mental illness); *Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1394 (3d Cir.1994) (stating that, although attorney mistakes do not normally constitute extraordinary circumstances, in a case in which counsel filed a complaint in the wrong forum due to stress resulting from the death of co-worker, equitable

tolling may be justified); *Burton v. U.S. Postal Serv.*, 612 F.Supp. 1057, (N.D.Ohio 1985) (holding that equitable tolling is available when an attorney abandoned his client and left town).

According to the Petitioner and the Attorney Discipline Board, Mr. Zipser took Petitioner's money, failed to perfect Petitioner's direct appeal, failed to turn over his file documents to Mr. Lawrence, and failed to correspond with the Petitioner. Although Mr. Zipser's action clearly shows lack of due diligence and negligence, the Court does not find that Mr. Zipser's conduct constitutes an extraordinary circumstance. In the narrow situations where an attorney's ineffectiveness fell within the realm of an extraordinary circumstance, the factual issues involved fraud, illness or physical abandonment. None of these circumstances are present here.

However assuming *arguendo* that Mr. Zipser's conduct did constitute an extraordinary circumstance, the Court must still determine whether Mr. Zipser's conduct "prevented [Petitioner] from filing his petition on time." *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000).

### b. Petitioner's Due Diligence

The word "prevent" requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Cf. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir.1999) (holding that "equity does not require tolling" "absent a showing that [the petitioner] diligently pursued his application the remainder of the time [between the extraordinary circumstance and the filing deadline] and still could not complete it on

9

time"); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ( "equity is not intended for those who sleep on their rights.")

However, "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir.2001); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000) (per curiam) ("A delay in receiving notification [that petitioner's appeal has been denied] ... could qualify for equitable tolling."). The case law is instructive. The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. See *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Therefore, Petitioner in this case was under a legal obligation to pay attention to the course of his appeal, which he made no serious attempt to do until September 2000. If the person seeking equitable tolling has not exercised reasonable diligence in attempting to facilitate the progress of his case after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file the appropriate pleadings with the court is broken, and the extraordinary circumstances therefore cease to be a basis for preventing timely filing.

In the instant case, Petitioner is essentially arguing that he and his family blindly relied upon Mr. Zipser and believed for almost 4 years that Petitioner's appeal was pending. There are no allegations that Mr. Zipser misrepresented the status of the appeal, but rather he was avoiding Petitioner and his family's inquiries by not responding when they attempted to make contact with the attorney. *(Petitioner for Habeas Corpus, Appendix, Exhibit 4)*.

Petitioner's explanation that he tried to follow up on the status of his appeal by trying to contact Mr. Zipser does not explain Petitioner's own neglect in failing to inquire as to the status of his appeal with the Michigan Court of Appeals. Also, Petitioner states that he inquired of Mr. Zipser regarding his appeal, but there are no statements relative to when those inquiries were made, the mode in which they were transmitted nor their frequency. The fact that Petitioner did not seek the assistance of another attorney to investigate this matter until almost 4 years after the Notice of Appeal was filed and almost 2 years after the statute had already run, demonstrates an extreme lack of diligence, especially in light of Petitioner's averments that Mr. Zipser never responded to his case file inquiries.

Even though the statute of limitations had run before Petitioner learned that his appeal had been dismissed, the fact still remains that he could have inquired about the status of his appeal directly with the Michigan Court of Appeals, through counsel or through his family members anytime after May 23, 1996 and anytime during the year of 1997. Petitioner's appeal was dismissed in November 1997. Therefore, he had the remainder of 1997 and the entire 1998 year to act with some due diligence relative to his case. Instead, Petitioner waited over a year and a half after the statute had run to retain another attorney and waited over another year to initiate his post-conviction proceedings.

Therefore, the Court does not find that Petitioner acted with due diligence relative to his appellate case and subsequent habeas case.

### c. *Missing Transcript*

Petitioner also argues that the initial delay was compounded by Mr. Lawrence's inability to receive a transcript he needed in order to begin Petitioner's post-conviction proceedings with the

11

filing of a motion for relief from judgment.  Lack of access to a trial transcript does not preclude a habeas petitioner from commencing post-conviction proceedings and therefore does not warrant the equitable tolling of the limitations period for filing a petition for writ of habeas corpus. *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001); See also *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir.2001). Possession of a transcript is not a "condition precedent" to the filing of a state post-conviction motion. *Gassler v. Bruton*, 255 F.3d at 495.  In this case, Petitioner fails to articulate why his motion for relief from judgment could not have been filed with the state trial court without the transcript.  Petitioner fails to articulate precisely what hearing or trial testimony was transcribed in the requested transcript, when the hearing or trial testimony took place and why it was necessary to review before a motion for relief from judgment could be filed.  Finally, because Petitioner does not state why the transcript was necessary for the preparation of his state post-conviction motion or his current habeas petition, he is not entitled to equitable tolling on this basis. See *United States v. Van Poyck,* 980 F.Supp. 1108, 1111 (C.D.Cal.1997).

### C. **Actual Innocence**

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298 (1995).  See *Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that a reasonable juror would not have found the petitioner guilty beyond a reasonable doubt." *Id.* at *590.* (quoting *Schlup v. Delo*, 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constituional error "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

presented at trial." *Schlup v Delo*, 513 U.S. at 324; *Souter v. Jones*, 395 F.3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. at 321).

In this case Petitioner claims in his response to the motion to dismiss and in his petition that he is actually innocent of the first degree murder charge for the following reasons: (1) "[t]he only witness to testify that Petitioner had a gun at all or fired the shot that killed the deceased was [Officer] Kouri, who did not witness the events and testified to what were his conclusions after conducting his investigation;" (2) "Petitioner admitted to police that he was involved in the robbery, but not the murder;" (3) "[a] reasonable trier of fact could surely find that with no evidence Petitioner committed the murder, he was not guilty of the murder;" and (4) "[i]f the [incriminatory] statement is suppressed [ ] there is even less evidence to support the conviction." (*Petitioner's Answer to Respondent's Motion to Dismiss, pg. 7).*

The Court finds that although Petitioner challenged the sufficiency of the evidence to convict him of first degree murder, Petitioner has not presented any new and reliable evidence to establish that he was actually innocent of the crimes charged. Therefore, Petitioner is not entitled to equitable tolling of the AEDPA's statute of limitations pursuant to an actual innocence exception. See *Holloway v. Jones*, 166 F.Supp.2d 1185, 1190-91 (E.D.Mich.2001).

13

**IV.  Conclusion**

Petitioner's habeas petition filing is untimely; and for the reasons set forth above, despite Petitioner's arguments in an effort to salvage his claim, the Court finds that this case is dismissed with prejudice as it is barred by the statute of limitations.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 26, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 26, 2006.

S/Carol A. Pinegar
Deputy Clerk

---