UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN PEREZ, #249210,

                 Petitioner,

v.

                                     Case No. 2:05-CV-74003
                                     Honorable Victoria A. Roberts
                                     Magistrate Judge Virginia M. Morgan

THOMAS BIRKETT,

                 Respondent.

_____

## OPINION & ORDER DENYING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL & MOTION TO ISSUE CERTIFICATE OF APPEALABILITY

### I. Introduction

On July 26, 2006, the Court filed an Opinion and Order and entered a Judgment "Summarily Dismissing Petition for Writ of Habeas Corpus." Petitioner subsequently filed a "Notice of Appeal," a "Motion to Extend Time to File Notice of Appeal," and a "Motion to Issue Certificate of Appealability" with the Court on September 22, 2006. Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a §2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. *28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. §2253(c) Fed. R. App. P. 22(b)*.

### II. Statement of Facts

The issue giving rise to the Court's dismissal of Petitioner's habeas petition is his admitted failure to having filed the petition timely. After Petitioner's April 15, 1996 conviction, he retained attorney Richard P. Zipser to represent him during the appeal process. However, Mr. Zipser failed

to file an appellate brief with the Michigan Court of Appeals in support of the "Notice to Appeal;" and as a result, Petitioner's appeal was dismissed on November 20, 1997. Subsequently, a grievance was filed and Mr. Zipser was disciplined by the Attorney Discipline Board in the form of a 60 day law license suspension and a required payment of restitution by Mr. Zipser in the amount of $10,000.00. Petitioner obtained new counsel in September 2000, James Sterling Lawrence, who also represented Petitioner when he filed his habeas petition on October 19, 2005 and who presently represents the Petitioner. In November 19, 2001 Petitioner filed his motion for relief from judgment and proceeded to exhaust his state court remedies.

After reviewing Petitioner's habeas petition and Respondent's motion to dismiss the matter, the Court found that Petitioner was not entitled to have the statute of limitations equitably tolled in this case for the following reasons: (1) the attorney delay and error in this case did not constitute an extraordinary circumstance; (2) Petitioner did not exercise due diligence in the prosecution of his case; (3) the basis for any other delays did not warrant the equitable tolling of the limitations period; and (4) Petitioner failed to meet the standard necessary to establish his actual innocence defense.

Petitioner now files an untimely "Notice of Appeal" and a motion requesting that the Court accept the late filing due to circumstances which he argues constitute excusable neglect and good cause.

### III. Law & Analysis

#### A. Motion for Extension of Time Regarding Notice of Appeal

A notice of appeal from the district court to the court of appeals must be filed "within 30 days after the judgment or order appealed from is entered." *Fed. R.App. P. 4(a)(1)(A)*. This temporal

2

stricture is mandatory and jurisdictional. See *Scola v. Beaulieu Wielsbeke, N.V.*, 131 F.3d 1073, 1073-74 (1st Cir.1997).  However, an untimely notice of appeal can still be viable if a motion to extend the time for filing a notice of appeal is filed within 30 days after the time prescribed by Rule 4(a) expires, so long as the movant demonstrates either good cause or excusable neglect. *See Fed. R. App. P. 4(a)(5).*

 Although Petitioner filed his notice of appeal 58 days after the Court entered its order dismissing the habeas petition, he filed his motion to extend time along with the notice of appeal before the 60 day period of time allotted for the Court to still consider the late filing and allow the appeal to proceed.  Therefore, Rule 4(a)(5) gives this Court discretion to permit the Petitioner to file the late notice of appeal upon a showing of excusable neglect or good cause. *Fed. R.App. P. Rule 4(a)(5).*  In determining whether the failure to file a timely notice of appeal is excusable the Court must consider four factors: (1) the risk of prejudice to the nonmoving party; (2) the length of delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co., v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388   (1993); *Weinstock v. Clearly, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994). The most important factor is the reason for the delay. *Weinstock,* 16 F.3d at 503. Excusable neglect has been held to be a strict standard which is met only in extraordinary cases. *Nicholson v. City of Warren,*  467 F.3d 525, 526 (6th Cir. 2006); *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989).  Good cause will be found where forces beyond the control of the petitioner prevented him from filing a timely notice of appeal.  *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 630 (1st Cir.2000).

To this end, Petitioner argued in his motion that the delay in filing was caused by his family's lack of funds to retain Mr. Lawrence to represent his interests during this appeal process. Further, the reason for the family's inability to pay and inability to file the notice of appeal timely was "due to extenuating circumstances of bad health, loss of employment and family crisis." (*Petitioner's Motion to Extend Time, pg. 2, ¶6*). While Petitioner attempts to demonstrate good cause and excusable neglect for the untimeliness of the filing of his notice of appeal, he gives no details of who was in bad health, the circumstances of the illness nor how that is relevant to not filing Petitioner's notice of appeal in a timely manner. Although loss of employment implies a reason why there was no money to pay Mr. Lawrence, for reasons set for below, the Court does not find that lack of funds is a "good cause" basis for failing to timely file a notice of appeal. Finally, Petitioner speaks of a "family crisis." Again, there are no details relative to what the nature of the crisis was, nor how it is relevant to untimely filing of the notice of appeal. Essentially, Petitioner is arguing that there is good cause to excuse the untimely filing due to Petitioner's lack of funds; and there is excusable neglect because there were these other issues that were in existence (i.e., health challenges, "family crisis") during the time in which Petitioner was to file a timely notice of appeal. As a result, the notice of appeal was late.

1. Lack of Funds

The Court does not find Petitioner's lack of funds argument to be a good cause basis for allowing the notice of appeal to be filed untimely. Case law provides that a petitioner can file a notice of appeal without an accompanying filing fee, and, upon the district court's rejection of his request, may ask for *in forma pauperis* status or pay the required fee, both of which the petitioner would be given a period of time in which to comply (i.e., 21 days, 30 days, etc.). *Bishop v. Corsentino*,

4

371 F.3d 1203, 1207 (10th Cir. 2004). Therefore, Petitioner in this case could have filed his notice of appeal timely despite the fact that he did not have in his possession Mr. Lawrence's retainer fee and/or filing fee. See also, *Airline Professionals Ass'n v. ABX Air, Inc.*, 109 F.Supp.2d 831, 47 (S.D. Ohio 2000).

2. Health Challenge & Family Crisis

Petitioner states that "bad health" and "family crisis" are reasons to support his excusable neglect claim. Petitioner is attempting to demonstrate to the Court that his family was so busy, preoccupied, consumed, etc. with these other family issues that they were not able to do what was necessary to retain Mr. Lawrence to represent Petitioner in this appeal and/or were too busy to otherwise comply with the mandatory and jurisdictional 30-day requirement of Rule 4(a)(1). Therefore, they were not aware that the time in which to file a timely notice of appeal had expired and/or were simply incapable of meeting the filing deadline. However, this argument likewise lacks merit.

As previously stated, Petitioner provides no details regarding these alleged circumstances which the Court can look to and determine whether excusable neglect indeed exists. The vagueness relative to the nature of the health challenge and "family crisis" with which the Petitioner was dealing with is insufficient for the Court to find the existence of exusable neglect. Moreover, the court stated in *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir.1989) that, "the filing of a notice of appeal does not require much thought or time and ... the fact that an attorney [is] 'busy' on another matter [does] not constitute excusable neglect." Although, it is not the attorney in this case that was too busy, it is the family that is making the claim that they were preoccupied with other issues and unable to timely submit or retain Mr. Lawrence to submit a notice of appeal. The Court finds

5

the two situations to be analogous, and therefore does not find excusable neglect where Petitioner's family was too busy with unspecified issues to handle, as a basis for allowing Petitioner to file his petition in an untimely manner. See, *Pinero-Schroeder v. Fed. Natl. Mortgage Ass'n.*, 574 F.2d 1117, 1118 (1st Cir.1978)).

Here, the notice of appeal contains less than 60 words. Even if Petitioner's family was as preoccupied as they assert, Petitioner could have drafted the short document; especially in light of the fact that he has had a relationship with his current attorney since September 2000.    For these reasons, the Court does not find that Petitioner has established good cause or excusable neglect for filing his notice of appeal untimely. Because the notice of appeal was untimely filed, this Court lacks jurisdiction to enter an order granting a certificate of appealability. *McDaniel v. Wainwright*, 404 F. 2d 352, 352 (5th Cir. 1968); *See also Abbott v. Southers*, 2000 WL 1716461 *1-2 (10th Cir. November 16, 2000).

**B.  Issuance of Certificate of Appealability**

Even if this Court had jurisdiction to consider Petitioner's requests, it would not grant Petitioner a certificate of appealability.  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue. *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  An appeal of the district court's order may be taken under this circumstance, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  When a plain procedural

6

bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

In the present case, this Court has determined and the Petitioner admits that his habeas petition is  barred by the statute of limitations.  The issue upon which reasonable jurists could differ in this case is whether Petitioner's situation could be subject to equitable tolling.  In that case, the grant of a certificate of appealability may be  appropriate.  *See Henry v. Department of Corrections,* 197 F. 3d 1361, 1366 (11th Cir. 1999).  In the present case, reasonable jurists would not find it debatable as to whether equitable tolling would apply in this case for three reasons.  First, the law is clear that attorney mistakes and lack of due diligence generally do not warrant equitable tolling of the statute of limitations.   *Stanley v. McKune,* 133 Fed. Appx. 479, 480 (10 th Cir. 2005).  Second, Petitioner was not diligent in pursuing his state court appeal as he did not inquire about the status of his direct  appeal until 4 years after it had been filed.  Petitioner then waited over a year and a half after the statute had run to retain another attorney, and waited over another year to initiate his post conviction proceedings.   Finally, Petitioner's habeas petition is void of the criteria necessary to establish his actual innocence defense.

Accordingly, a certificate of appealability shall not issue

## IV.  Conclusion

For the reasons set forth above, the Court finds that Petitioner has failed to establish good cause or excusable neglect to justify the untimely filing of his notice of appeal.  Further, even if the Court were to review Petitioner's motion for issuance of a certificate of appealability on the merits, it would likewise be denied as a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further as the petition is time-barred.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion to Extend Time to File Notice of Appeal" **[Docket No: 29-1, filed September 22, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Notice of Appeal" **[Docket No: 30-1, filed September 22, 2006]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Issue Certificate of Appealability" **[Docket No: 31-1 filed September 22, 2006]** is **DENIED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 18, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 18, 2006.

S/Carol A. Pinegar
Deputy Clerk

8